**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEAN W. HALE, | No.    14-17462 |
| Petitioner-Appellant, | D.C. No. 4:13-cv-02151-PJH |
| v. | |
| KIM HOLLAND, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted July 21, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS, and McKEOWN, Circuit Judges.

Dean Hale, a California state prisoner, appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction over this appeal

pursuant to 28 U.S.C. §§ 1291 and 2253.  We review the district court's denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hale's habeas petition *de novo*, *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), and affirm the district court.

## I

The state court did not commit constitutional error by excluding the impeachment evidence related to Lisa V. Rather, the court permissibly evaluated the "probative value [and] the potential adverse effects of admitting the defense evidence." *Holmes v. South Carolina*, 547 U.S. 326, 329 (2006). This discretionary balancing was neither contrary to, nor an unreasonable application of, clearly established federal law. *Moses v. Payne*, 555 F.3d 742, 758–59 (9th Cir. 2009).

## II

The California Court of Appeal reasonably concluded that the prosecutor's closing argument did not deprive Hale of due process. To rise to the level of a due process violation, a prosecutor's closing argument must be more than "improper"—it must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180–81 (1986) (citation omitted). Considered as a whole, and in light of the trial court's repeated admonishments to the jury that the attorneys' arguments did not constitute evidence, the prosecutor's closing argument did not render the entire trial

fundamentally unfair. *United States v. Kerr*, 981 F.2d 1050, 1053–54 (9th Cir. 1992).

Further, even if the prosecutor's argument amounted to a due process violation, any error was harmless. Hale confessed to the sexual assault consistent with the allegations of the three victims. Further, this was one of the rare rape cases in which there is physical evidence of prior sexual penetration. Thus, given the strength of the state's case, any improper argument did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (citation omitted).

III

Hale briefed two uncertified issues, which we interpret as a request to expand the certificate of appealability ("COA"). However, his arguments on both issues are foreclosed by the California Court of Appeal's interpretation of state law and thus cannot provide a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). We therefore decline to expand the COA to reach the uncertified issues. *See* 28 U.S.C. § 2253(c)(2) (requiring habeas petitioners seeking a COA to make a "substantial showing of the denial of a constitutional right").

**AFFIRMED.**